UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JERMAINE DEVON WATKINS, | ) | CASE NO. C08-0618-RAJ-MAT |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| PAT GLEBE, | ) | MOTION TO STAY PETITION |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed an answer. Petitioner has recently filed a motion to stay consideration of the petition and hold it in abeyance until petitioner has exhausted his state court remedies. (Dkt. No. 14). Respondent has filed a response opposing petitioner's motion. (Dkt. No. 15). Having considered the motion and response, and the balance of the record, the Court does hereby find and ORDER as follows:

(1) Petitioner's habeas petition raises four grounds for relief. (Dkt. No 6 at 6, 8, 9, 11). In his motion for a stay, petitioner seeks to return to state court to present three of these grounds which previously were presented solely to the Washington Court of Appeals. (Dkt. No.

ORDER DENYING PETITIONER'S
MOTION TO STAY PETITION
PAGE -1

14 at 1-2; Dkt. No. 15 at 3). Petitioner contends that his former appellate counsel failed to present the claims to the Washington Supreme Court. (Dkt. No. 14 at 1). Petitioner now seeks the opportunity to present those claims and after they have been fully exhausted, to return to federal court and incorporate the claims in his habeas petition. Respondent argues in response that the claims are procedurally barred in state court and that a stay would serve no purpose because petitioner is precluded from exhausting them. (Dkt. No. 15 at 2-3).

In Order to obtain a stay of a federal habeas petition, a petitioner must show (i) good cause for the failure to exhaust; (ii) that the unexhausted claims are potentially meritorious; and (iii) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). It is unclear whether counsel's alleged failure to present all of petitioner's claims to the Washington Supreme Court constitutes good cause for the failure to exhaust. However, the Court need not resolve this question because it is clear that the claims are now barred from further review in state court. Because petitioner's direct appeal has concluded, the only avenue open to him for further review in Washington state courts is a personal restraint petition ("PRP"). *See* RCW 7.36 *et seq*. But Washington law is clear that a PRP is not meant to be a forum for the relitigation of issues already considered on direct appeal. *See In re Lord*, 123 Wash. 2d 296, 303 (1994). Because the Washington Court of Appeals considered petitioner's claims on direct appeal, he would be barred from relitigating them in a subsequent PRP. Accordingly, granting a stay would only delay consideration of petitioner's habeas petition and the motion for a stay is therefore DENIED.

(2) The Clerk shall RENOTE petitioner's habeas petition for consideration by the Court on **August 29, 2008.** Petitioner may file a response to respondent's answer no later than

ORDER DENYING PETITIONER'S
MOTION TO STAY PETITION
PAGE -2

**August 25, 2008.** Respondent may file a reply no later than **August 29, 2008.**

    (3)    The Clerk shall direct a copy of this Order to petitioner and to counsel for respondent.

DATED this 4th day of August, 2008.

*/s/ Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge